By the Court:
The plaintiff is not barred of his debt by omitting to carry in his claim to the commissioners, because he has discovered and shewn further estate of the deceased not inventoried.—As to the rate which he is to recover, or the proceds, the statute is not explicit.
With regard to the rate however it would contravene the general principles and policy of the statute, if he should recover in greater proportion than others who exhibited their claims in season. And on the other hand, it would not fairly save him out of the limitation if he should *32 recover less, provided there is a sufficiency of the new discovered estate without breaking in upon a former average. He is therefore to recover at the fame rate with the others or as near as it may be without affecting a former average.
As to the procefs by which the plaintiff should recover—the ordinary one of recovering a debt out of assets, in the hands of an executor, which is here brought, appears to be most fit and reasonable.—In this action, the plaintiff’s debt can be ascertained, as also from the records of probate, and other disclosures in the knowledge of the defendant, the proportion of it, he ought upon the foregoing principles to pay.—And if the defendant cannot at present ascertain the amount of the assets in his hands by reason of their not being converted into money, he may move a continuance or stay of judgement, that he may have reasonable time to inventory and settle the estate, taking if necessary, the further orders of probate.—And the pendency of this suit may in the mean time stimulate to measures necessary to complete a just settlement of the whole estate.
Chancery, it has been urged, is the proper forum for the plaintiff to resort to—but he ought not to be turned round thither, nor could he be relievable there, if as appears, adequate remedy can be had in this action at law.—
And as to a suit on the administration bond, which has also been suggested as a remedy.— The bond may have become forfeit by the de *33 fendants neglect to make a complete inventory, but not for the use of the plaintiff who has not been prejudiced but benefited by such neglect.—
No remedy therefore upon the whole, appears better adapted to the plaintiff’s cafe, than the one he has chosen.
Note—Chief Justice Law gave no opinion in this case, being related to one of the parties.
Judge Dyer doubted.